UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| R.D. Lottie | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 3:01cv582 |
| | ) |
| West American Insurance Company, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court following a telephone status conference held on August 3, 2005. At this conference the issue was presented as to what remains to be tried to a jury in this case, considering the decision issued by the Seventh Circuit Court of Appeals on May 26, 2005.

At the telephone conference, the plaintiff reiterated his long-standing argument that the bad faith claims in this case remain to be tried to a jury, even though the claims were disposed of by this court by way of partial summary judgment entered on July 24, 2003[1]. The plaintiff took an interlocutory appeal of the order granting partial summary judgment, and on May 26, 2005, the Seventh Circuit determined that the appeal was premature and remanded the case for further proceedings.

First, it must be noted that the Seventh Circuit expressly held that:

> Because we are resolving the appeal on the Rule 54(b) issue, we will not address the merits of the district court's partial summary judgment and no part of our opinion should be construed as resolving the merits of the case.

Slip op at 5-6. Moreover, it is clear that the Seventh Circuit implicitly acknowledged that the

---

[1] Plaintiff filed a motion to reconsider on September 9, 2003, which this court denied on October 17, 2003.

bad faith claim has been decided by way of summary judgment, and does not remain an issue for trial.  The Seventh Circuit stated:

> West American's characterization of the case brings the problem into sharp focus.  According to West American, whether its determination of insurance coverage was <u>reasonable</u> goes to the issue of bad faith; whether its determination was <u>correct</u> goes to the issue of breach of contract. [emphasis in original.] West American is trying to use Rule 54(b) to sew up the district court's ruling on the reasonableness before the jury ever hears the evidence on the correctness of the decision.  West American may fear (as any defendant might) that the evidence might show a clear breach of contract, one that is outrageous and for which there is no excuse.  <u>Lottie could then petition the district court **to reconsider** its original ruling on bad faith.  West American fears, in other words, that because the breach of contract and bad faith claims are so intertwined by the overlap of evidence, that if the company does not appeal now and resolve the bad faith claim, the district court might **reconsider its decision**</u>. [emphasis added]

Slip op. at 9.  Clearly, if the bad faith claim were still in the case to be resolved by a jury, then there would be no need for this court to reconsider its decision on the bad faith claim.  As the case stands now, the bad faith claim is out of the case and will not be presented to the jury.  But, as the Seventh Circuit acknowledged, in this case (as in all cases) this court has the inherent right to reconsider any of its orders as long as the case remains pending and is not on appeal.  The plaintiff may wish to pursue that alternative at the conclusion of the jury trial on the breach of contract claim, or may simply decide to appeal the case in its entirety.

<u>Conclusion</u>

It is this court's opinion that the grant of partial summary judgment stands firm and fully resolves the bad faith claim in this case.  To the extent that the evidence of bad faith overlaps with the evidence of breach of contract the evidence, of course, would be permitted to be presented to the jury.  To the extent that any evidence is solely regarding bad faith, the evidence

would not be permitted to be presented to the jury.  The jury will not be instructed as to the bad faith claim and will not be permitted to render a verdict as to the bad faith claim.

As indicated at the telephone conference, the plaintiff may file a brief contesting this ruling on or before August 19, 2005.  The defendant may then respond on or before September 6, 2005 and any reply is due within 10 days thereafter.

Entered: August 3, 2005.

s/ William C.  Lee
William C. Lee, Judge
United States District Court
