UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| R.D. LOTTIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 3:01cv582 |
| | ) |
| WEST AMERICAN INSURANCE | ) |
| COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on a "Verified Objection to Sua Sponte Order of Bifurcation of Liability and Damages", filed by the plaintiff, R. D. Lottie ("Lottie"), on April 10, 2006.  For the following reasons, the motion will be denied.

Discussion

On April 5, 2006, this court held a telephone status conference to discuss the parties' proposed pre-trial order and the defendants' six motions in limine.  After noting that Lottie had failed to abide by this court's order instructing that he include an estimate of his damages in the pre-trial order, and further noting that nearly all of the defendants' motions in limine dealt with damage issues, the court stated its intention to bifurcate the liability and damage phases of the trial in this matter.  The court further indicated that in the event liability was found, the damage phase of the trial would be held sometime thereafter, and that damages would be tried to a different jury.  It was also explained to the parties that in an effort to facilitate settlement, the motions in limine, even those dealing with damage issues, would be ruled upon prior to the start of the liability phase of the trial.  Also, in the event Lottie prevails on the liability phase of the case, the parties would be given time to pursue settlement and to prepare a competent final pre-

trial order on damages.

Lottie has objected to the bifurcation of liability and damages. Lottie first states that "no determination has been made as to whether bifurcation in this case is proper under Federal Rule of Civil Procedure 42(b)." Rule 42(b) states:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Contrary to Lottie's assertion, this court determined during the telephone conference that bifurcation would be in "furtherance of convenience" and "conducive to expedition and economy". The court acknowledges that the minute entry docketed at the conclusion of the April 5, 2006 telephone conference did not memorialize the court's specific reasons for bifurcating the trial. However, it was clearly explained to the parties that due to the extensive evidentiary problems with Lottie's asserted damages, bifurcation of liability and damages would serve to economize the resources of the parties as well as the court. As the court noted, Lottie's reluctance and/or inability to state any estimate of his damages in this case, and provide the defendants with admissible evidence of his claimed damages, whatever they may be, has made it nearly impossible for the parties to properly prepare for trial in this case. Obviously, if liability is not found in this case, then all of the damage issues Lottie has caused to be raised will be moot. Thus, bifurcation is clearly proper under Rule 42(b). Notably, Lottie has not presented the court with any caselaw supporting his assertion that bifurcation is not proper in this case.

Lottie also claims, without citation to authority, that "bifurcation violates the Seventh

2

Amendment because it requires different juries to pass on the same essential question given that the breach of contract and bad faith claims are too intertwined by the overlap of evidence to be separated." Lottie appears to be forgetting, again, that his bad faith claim is no longer in this case. This court granted summary judgment in favor of the defendants on the bad faith claim in an order dated July 24, 2003. Therefore, Lottie has no right to present "bad faith evidence" to either jury. Lottie presents his objection as if this court had bifurcated the breach of contract claim and the bad faith claim. However, as this court has reiterated many times, the bad faith claim is no longer in the case and the court is merely bifurcating the liability and damage phases of the remaining breach of contract claim. With respect to Lottie's assertion that there would be overlap of evidence in the two trials, the case law holds that:

> [t]he existence of common factual issues is to be distinguished from the existence of overlapping evidence. For purposes of the Seventh Amendment, the question is whether factual issues overlap, thus requiring one trier-of-fact to decide a disputed issue that must be decided by a subsequent jury, not whether the two fact-finders will merely have to consider similar evidence in deciding distinct issues.

Robinson v. Metro-North Commuter Railroad Co., 267 F.3d 147, 170 n.14 (2nd Cir. 2001)(citing Allison v. Citgo Petroleum Corp., 151 F.3d 402, 423 n.21 (5th Cir. 1998)). See also Mullen v. Treasure Chest Casino, LLC, 186 F.3d 620 (5th Cir. 1999)(Seventh Amendment does not prohibit bifurcation of trials as long as the judge does not divide issues between separate trials in such a way that the same issue is reexamined by different juries). In the present case, it is abundantly clear that the separate juries would not be reexamining the same issues, as one jury would determine liability and other jury would determine damages. As this court explained during the telephone conference, to the extent that the evidence would overlap

3

between the two phases of the trial, the parties would be permitted to re-introduce the pertinent evidence. However, the second jury would not decide any fact or issue already decided by the first jury.

Therefore, this court finds that Lottie's assertion that his Seventh Amendment rights would be violated by the bifurcation of liability and damages is totally meritless.

Next, Lottie claims that "the bifurcation order divides the issues of liability and damages in such a way that the same issue, breach of contract, is reexamined by different juries." Again, Lottie misunderstands the nature of the bifurcation in this case. Assuming that Lottie prevails on his breach of contract claim, that issue does not have to be reexamined by a different jury. The successive jury will be instructed that liability has been established and that they are only to determine the proper damage award for the breach.

Next, Lottie argues that "the juries would decide factual issues that are common to both trials, namely, whether West American's determination of coverage was reasonable goes to the issue of bad faith; and whether it[s] determination was correct goes to the issue of breach of contract." Again, Lottie misunderstands the posture of this case and the nature of the bifurcation order. No jury in this case will be permitted to decide the issue of bad faith BECAUSE THE ISSUE OF BAD FAITH IS NO LONGER IN THE CASE. Rather, one jury will determine whether liability exists for breach of contract. If so, then another jury will determine the measure of damages. This is very simple, permits this case to finally get to trial, and expedites the entire process in an economical fashion.

Finally, Lottie summarily states that bifurcation "would not avoid prejudice to the plaintiff or promote judicial economy." Lottie has failed to explain how he would be prejudiced

by the bifurcation of liability and damages in this case.  Lottie will be able to fully present his case with respect to the breach of contract claim.  If he prevails on that claim, he will be permitted to fully present his damage evidence (to the extent such evidence is admissible, of course).  Clearly, there is no prejudice to Lottie.  With respect to judicial economy, it should be noted once again that Lottie's inability to comply with this court's orders with respect to the format of the final pre-trial order, and his obfuscation of his estimated damages in this case, has caused the damage issues in this case to become a judicial roadblock.  Thus, as this court has already determined, bifurcation will promote judicial economy.

## Conclusion

Based on the foregoing, Lottie's objection to the bifurcation order is hereby DENIED.


Entered: April 11, 2006.


        s/ William C. Lee
        William C. Lee, Judge
        United States District Court