UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| R.D. LOTTIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 3:01cv582 |
| | ) |
| WEST AMERICAN INSURANCE | ) |
| COMPANY of the Ohio Casualty Group | ) |
| of Insurance Companies and The Ohio | ) |
| Casualty Insurance Co. d/b/a Ohio | ) |
| Casualty Group, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on a "Motion for Judgment and Ruling as a Matter of Law on Arson Issue", filed by the defendants on June 8, 2006. The plaintiff, R.D. Lottie ("Lottie"), filed his response on June 26, 2006.

For the following reasons, the motion will be denied.

Discussion

This case involves two fire losses, which Lottie's insurance company, the defendants herein, refused to pay. Lottie filed suit claiming, inter alia, breach of contract. In their affirmative defenses, the defendants have raised the affirmative defense of arson to both of Lottie's property losses claimed in this case.

In its Pre-Trial Orders in this case, the parties have been ordered to timely submit all expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2). Defendants claim that in support of their arson defense, they properly submitted the expert reports, and all federal expert disclosure information of Jack Sanderson, a cause and origin expert employed by Fire

Findings. The defendants contend that Mr. Sanderson investigated the fires at both properties and concluded that both fires were arson, or intentionally set fires. Mr. Sanderson also allegedly concluded that the presence of flammable liquid or accelerant, such as gasoline, was found at the scene of each fire.

The defendants point out that Lottie has never provided any expert disclosures in this case, and has not retained or produced an expert on the issue of the cause or origin of the fires, or on any other issue. The defendants further point out that, as part of discovery, they sought all evidence, facts, and information relating to anything Lottie knew, had learned or considered as possible evidence regarding how the fires started. The defendants specifically asked in Requests for Admissions whether Lottie admitted the fires were intentional, or were accidental, and by Interrogatory, for all facts in support of any conclusions Lottie may have reached.

In response to the discovery requests, Lottie stated that he could not admit or deny such requests because Lottie had not performed any sort of investigation into the cause or origin of the fires.

In their present motion, the defendants state that since Lottie has put forth no evidence regarding any facts explaining the fires, how the fires started, or any expert reports relating to the cause and origin of the fires, and since the defendants have properly identified their expert cause and origin investigator, it would be wholly improper at trial to allow Lottie to admit any evidence relating to the cause or origin of the fires. The defendants seek a ruling from the court that the two property fires at issue in this case were arson, or intentionally set fires, and that the defendants have no further burden or responsibility to produce any additional evidence, or plead or argue this issue to the jury. The defendants further request that at the appropriate times during

the trial of this matter, that the court instruct the jury that the court has ruled as a matter of law that the fires at issue were arson or intentionally set fires, and the jury is to accept these facts.

Not surprisingly, Lottie strongly objects to the defendants motion. Lottie acknowledges that he has not retained an expert on the issue of the cause or origin of the fires. Lottie's position is that he was not there at the time of the fires, and he does not know how the fires started. Lottie emphatically denies setting the fires or having anyone set the fires on his behalf

Lottie objects to the use of Rule 50(a) to obtain a judgment on an issue prior to the evidence on that issue being introduced at trial. Lottie points out that the cases cited by the defendants are distinguishable because the rulings were made <u>after</u> the evidence was presented to the jury, and not prior to trial. See e.g., Zimmerman v. Chicago Board of Trade, 360 F.3d 612 (7th Cir. 2004); Klunk v. County of St. Joseph, 170 F.3d 772 (7th Cir. 1999); Sassaman v. Heart City Toyota, 879 F. Supp. 901 (N.D. Ind. 1994).

While this court finds the defendants' argument to be somewhat persuasive, out of an abundance of caution the court will deny the defendants' motion. While Rule 50(a)(2) does provide that "[m]otions for judgment as a matter of law may be made at any time before submission of the case to the jury", Rule 50(a)(1) implies that such a ruling is to be made "during a trial by jury" and after "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue". In the present case, even though Lottie does not have any evidence as to how the fires started, the jury is not required to believe the defendants' expert as to the cause of the fire. Although the evidence that the fires were arson fires may be so persuasive that no reasonable jury could find otherwise, warranting a judgment as a matter of law on that issue at trial, the evidence must still

be presented to the jury during the trial. Accordingly, the court will deny the defendants' motion for judgment as a matter of law on the arson issue; however, the defendants may renew the motion at the appropriate time during trial if they so desire.

## Conclusion

Based on the foregoing, the defendants' motion for judgment as a matter of law is hereby DENIED.

Entered: July 3, 2006.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court