UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| R. D. LOTTIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:01-CV-582 |
| ) | |
| WEST AMERICAN INSURANCE ) | |
| COMPANY , et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF DECISION AND ORDER**

This matter is before the court on the Motion for Extension of Time and the Motion for Costs and Attorneys' Fees filed by the Defendant, West American Insurance Company ("West American"). The Motion for Extension of Time was filed on August 1, 2006, and the Motion for Costs and Attorneys' Fees was filed on August 15, 2006. Plaintiff R. D. Lottie ("Lottie") did not file a response to the first motion, but he filed a response in opposition to the latter motion on August 25, 2006, and West American filed a reply on August 31, 2006.[1] For the reasons discussed herein the motion for extension of time is MOOT, and the motion for costs and fees is DENIED and DISMISSED WITHOUT PREJUDICE.

**DISCUSSION**

Plaintiff R. D. Lottie filed a Complaint against West American on August 14, 2001, alleging breach of insurance contract, bad faith, and race discrimination. Docket at 1. A jury

---

[1] Lottie also filed a Notice of Appeal in this case on August 16, 2006. Generally, the filing of a Notice of Appeal divests the district court of jurisdiction in a case. *See, e.g.*, *Griggs. v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, the court retains jurisdiction to resolve issues that are not related to the appeal. *Wisconsin Mut. Ins. Co. v. U.S.*, 441 F.3d 502, 504 (7th Cir. 2006). This includes ruling on a motion for costs and attorneys' fees, since the issue does not affect the finality of the judgment being appealed. *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 456 (7th Cir. 2005).

trial was held on July 12-14, 2006, on the issue of liability only.[2]  The jury found in favor of West American, finding that the company was not liable to Lottie on his claim of breach of contract.  Accordingly, a final judgment in favor of West American was entered on July 18, 2006.  Docket at 205.

In its motion for costs and fees, West American seeks to recover costs and attorneys' fees pursuant to Fed.R.Civ.P. 54, and Fed.R.Civ.P. 68.  West American seeks a total award of $3,167.85.  Motion for Costs and Attorneys' Fees, Docket at 207.  Lottie filed a brief in opposition to West American's motion.  Plaintiff's Response, Docket at 214.[3]

When considering a motion for costs and fees while the case is pending on appeal, "the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."  Fed.R.Civ.P. 54, Advisory Committee Notes.   In this instance, judicial economy is best served by dismissing West American's motion pending the outcome of the appeal.  This is because one of the bases for West American's motion is its contention that Lottie unnecessarily complicated the trial in this case, thereby forcing West American to incur additional fees and costs (especially costs associated with having to present an expert witness).

---

[2]  On April 5, 2006, following a hearing, the court bifurcated the trial into a liability phase and a damages phase.  Since the jury found in favor of the Defendant on the issue of liability, the case went no further.

[3]  As stated above, West American filed a motion for extension of time in which to present its motion for costs and fees.  Before the court had an opportunity to rule on the request for additional time (and presumably before Lottie had an opportunity to object to it, since no such objection was filed), West American filed its motion for costs and fees.  Lottie takes strong objection to what he argues was the untimely filing of the motion, since Rule 54 expressly states that a motion for costs and fees should be filed within 14 days of the judgment.  Instead of doing so, West American filed a motion for extension of time on the very day its substantive motion was due.  Lottie raises a good point, but it is not relevant in light of the court's decision herein to dismiss West American's motion without prejudice.  And because the motion for extension of time was never ruled upon prior to West American's filing of its substantive motion, the motion for extension of time is MOOT.

West American contends that Lottie's refusal to stipulate to a factual issue in the case (i.e., the cause and origin of two residential fires that were the basis for his claims), or more specifically his refusal to do so until late in the trial, resulted in an unnecessary compounding of fees and costs on the part of the Defendant.  According to West American, "Plaintiff's failure to acknowledge these issues, and his own lack of evidence, coherent or logical argument relating to these issues was merely an attempt to force Defendants to spend as much time and money as possible, to establish facts to which Plaintiff had no contrary evidence or argument."  Motion for Costs and Attorneys' Fees, p. 5.  Obviously, Lottie has a much different take on the situation, arguing that had he stipulated to certain facts it would have been "tantamount to plaintiff's surrender without a shot being fired . . . ."  Plaintiff's Opposition, Docket at 214, p. 4.  In short, Lottie contends that his refusal to stipulate to certain facts was not intended to force West American to incur additional fees and costs, but rather was a legitimate trial strategy intended only to force West American "to prove [its] affirmative defense of arson."  *Id*.

Thus, West American's motion for costs and fees is based in large part on a legal argument that could be a nullity if the court of appeals ended up reversing the jury's verdict, or even remanding the case for further proceedings on some issues.  Accordingly, it makes little sense for the court to sort through the parties' arguments at this point if the entire issue has to be revisited again following the outcome of the pending appeal.[4]  For this reason, the motion will be

---

[4] The issue of whether Plaintiff should be held responsible for a portion of Defendant's costs and fees, as presented in the parties' current briefing on the issue, involves more than just an argument over Plaintiff's alleged refusal to stipulate to certain facts.  It also involves the application of Federal Rules 54 and 68 to the circumstances in this case.  West American claims, for example, that it is entitled to recover certain costs in this case since it had tendered a Rule 68 offer of judgment to Lottie prior to trial, and he obviously did not recover a judgment that was more favorable than the offer.  However, neither party addressed that specific issue in the context of the U.S. Supreme Court's decision in *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146 (1981), wherein the Court held that a defendant/offeror who tenders a Rule 68 offer of judgment, and then recovers a judgment completely in its favor at trial, is *not* entitled to recover costs pursuant to Rule 68.  Should West American's motion for costs and

denied and dismissed without prejudice.

Once the court of appeals has ruled on the pending appeal, West American may refile its motion if circumstances warrant. If that is the case, the court directs that West American refile its motion for costs and fees within thirty (30) days of the ruling by the Seventh Circuit Court of Appeals. Lottie shall then file a response within fifteen (15) days thereafter, and West American shall file any reply brief within seven (7) days after the filing of the response.

## CONCLUSION

For the reasons set forth herein, the Motion for Extension of Time filed by West American on August 1, 2006, is MOOT. The Motion for Costs and Attorneys' Fees filed on August 15, 2006, is DENIED and DISMISSED WITHOUT PREJUDICE.

SO ORDERED.


Date: November 1, 2006.


   /s/   William C. Lee  
William C. Lee, Judge  
United States District Court

---

fees be resubmitted to this court following resolution of the appeal in this case, the court directs both parties to discuss the *August* case in their briefs.